UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANA M. BRATHWAITE        )
                          )
        Plaintiff         )
                          )
                          )
     v.                   )   Civil Action No. 12-30194-KPN
                          )
                          )
CAROLYN W. COLVIN,        )
Acting Commissioner of Social )
Security Administration,[1]  )
                          )
        Defendant         )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS and
DEFENDANT'S MOTION FOR JUDGMENT AFFIRMING
THE COMMISSIONER'S DECISION
(Document Nos. 19 and 24)
November 6, 2013

NEIMAN, U.S.M.J.

This action is brought by Dana Brathwaite ("Plaintiff") pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) requesting judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits. Plaintiff has filed a motion for judgment on the pleadings and the Commissioner, in turn, has moved to affirm.

---

[1] Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013 and is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d)(1) and (2).

The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the court will allow Plaintiff's motion, to the extent that it can be fairly read to request a remand, and in turn deny the Commissioner's motion to affirm.

## I. STANDARD OF REVIEW

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (citation and internal quotation marks omitted).

A denial of benefits, however, will not be upheld if there has been an error of law in the evaluation of a particular claim. *See Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The court maintains the power to enter a judgment or affirm, modify, or reverse the Commissioner's decision. 42 U.S.C. § 405(g).

## II. BACKGROUND

On August 18, 2010, Plaintiff applied for both SSI and SSDI benefits with the alleged disability beginning on August 25, 2008. (Administrative Record ("A.R.") at 10.) After Plaintiff's claim was denied initially and upon reconsideration, she requested a

hearing before an administrative law judge ("ALJ"), which hearing took place on June 5, 2012. After the hearing, the ALJ issued a written decision denying Plaintiff's claim. (A.R. at 10-32.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. (A.R. at 1.) Plaintiff then filed the instant action, the Commissioner compiled the administrative record, and the parties submitted the cross motions at issue.

### III.   DISABILITY STANDARD AND THE ALJ'S DECISION

The parties are familiar with the disability standard, the practice and procedure involved in the appeal, and each party's burden of proof. Furthermore, the ALJ conducted the hearing in accordance with the familiar five-step process that is set forth both in the regulations and in case law. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6-7 (1st Cir. 1982). Plaintiff does not challenge the process that the ALJ used; she only challenges the step-five determination that sufficient jobs exist in the national economy which the Plaintiff can perform. Specifically, Plaintiff argues that the ALJ erred by failing to give greater weight to a treating physician's opinion. In response, the Commissioner asserts that the ALJ's decision is based on substantial evidence and should be upheld. For the reasons which follow, the court finds Plaintiff's argument more persuasive.

### IV.   DISCUSSION

The term "treating physician" is defined in the regulations as any physician who "has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502; 20 C.F.R. § 416.902. When the treating source's opinion is well-supported by medical

3

evidence, the Social Security Administration's regulations instruct an administrative law judge to give it controlling weight. 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 416.927(c)(2). Here, the ALJ gave little weight to the opinion of Dr. Lauren Proctor, a treating physician, and Plaintiff argues that the ALJ failed to provide sufficient reasoning to justify such a discount. In support, Plaintiff argues, first, that the ALJ improperly discounted Dr. Proctor's opinion because he believed that she acted out of sympathy towards Plaintiff in rendering her medical opinion. Second, Plaintiff argues that, contrary to the ALJ's findings, Dr. Proctor's opinion is not inconsistent with her own analysis or the record as a whole.

Motives of the Treating Physician

This court has consistently stated that commentary by an administrative law judge which speculates that "health care providers are sometimes inclined to assist patients in applications for disability benefits out of sympathy—[is] unnecessary and unhelpful to the determination of disability." *Hill v. Astrue*, 2012 WL 5830707, at *4, (D. Mass. Nov. 12, 2012); *see also Gonzalez v. Astrue*, 2012 WL 2914453, at *3 (D. Mass. July 5, 2012). An administrative law judge's concerns about motive are only appropriate when supported by evidence. *See Rodriguez*, 694 F. Supp. 2d 36, 43 (2010).

Here, the ALJ suggested that Dr. Proctor's opinion was based on sympathetic motives and would explain why the opinion was inconsistent with the record. (A.R. at 28.) The ALJ did not, however, refer to any specific evidence indicating that Dr. Proctor's opinion was anything but her honest assessment of Plaintiff's limitations. Without an adequate explanation to support the ALJ's suspicions about Dr. Proctor's motives, the court finds that this method of discounting the treating physician's opinion is

4

unsupported speculation and, therefore, improper. *See Rodriguez,* 694 F.Supp. 2d at 43; *see also Gonzalez*, 2012 WL 2914453, at *3.

Inconsistency of the Opinion

More to the matter at hand, Plaintiff also argues that the ALJ erred when he discounted Dr. Proctor's opinion based on a supposed inconsistency. Although a treating physician's opinion traditionally is given controlling weight, 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 416.927(c)(2), such weight is not to be accorded to opinions that are internally inconsistent or inconsistent with other evidence in the record. *Arruda v. Barnhart,* 314 F. Supp. 2d 52, 72 (D. Mass. 2004). In addition, an administrative law judge need not adopt a treating physician's opinion on the issue of disability, 20 C.F.R. § 404.1527(d)(1); 20 C.F.R. § 416.927(d)(1), but must provide good reasons when discounting or rejecting that opinion. 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 404.1527(c)(2); *Green v. Astrue*, 588 F. Supp. 2d 147, 154 (D. Mass. 2008).

Here, the ALJ gave little weight to Dr. Proctor's opinion, in part, because he believed that her Residual Functional Capacity ("RFC") questionnaire was inconsistent with other documents he attributed to her. (A.R. at 28.) The RFC document, dated May 7, 2012, indicated that Plaintiff would have to be out of work for six weeks following an upcoming caesarean section. (A.R. at 1132-33.) The ALJ stated that this statement was inconsistent with three records: a treatment note dated December 7, 2009, which advised Plaintiff to find new work that was less strenuous; a treatment note dated August 10, 2010, which allowed Plaintiff to return to work but only to perform a desk job; and finally Dr. Proctor's letter dated April 15, 2011, which indicated that Plaintiff could be out of work for a period of one year with annual re-evaluations to determine if she could

return to work. The ALJ, however, erroneously attributed all of the documents to Dr. Proctor, when in fact Dr. Ahmad Karagah authored the December 7, 2009 note and Dr. Lorenzo Silvestri wrote the August 10, 2010 note. (A.R. at 1135-36.) In effect, the ALJ erred when determining that Dr. Proctor's opinion evidence was internally inconsistent in light of these inaccurate attributions.

Furthermore, the ALJ failed to provide a sufficient explanation to support his conclusion that Dr. Proctor's opinion was inconsistent with the record as a whole. For example, the ALJ determined that Dr. Proctor's response to the RFC questionnaire, which held Plaintiff out of work for six weeks due to a caesarean section, was inconsistent with the record because it suggested "that the claimant is [not] disabled from all full-time work." (A.R. at 28.) The court disagrees. To begin with, it is unclear to the court how Plaintiff's caesarean is relevant to her claim of disability; simply because a person is not able to work for six weeks for an unrelated medical issue does not mean that she is capable of full-time work beyond that time period. Finally, the remaining statements by Dr. Karagah and Dr. Silvestri, coupled with the April 15, 2011 letter from Dr. Proctor, are not, in the court's opinion, inconsistent. Rather, they show a steady decline in the level of activity that Plaintiff could perform in a work environment.

As additional support for his belief that Dr. Proctor's opinion was inconsistent with the record, the ALJ noted that Plaintiff "testified that she drives as needed." (A.R. at 28.) It is unclear to the court how this is relevant to Dr. Proctor's opinion, let alone sufficient evidence that her opinion was inconsistent with the record. Dr. Proctor did not make any statements on the RFC form about Plaintiff's driving capabilities; rather, she simply

established frequency and time limits on activities such as sitting and standing, none of which appear to be inconsistent with Plaintiff's ability to operate a motor vehicle.

What we are left with, then, is a discounted treating physician's opinion without valid justification for the discount. The ALJ's speculation as to the motives behind Dr. Proctor's medical opinion is not supported by facts; the ALJ erroneously attributed documents to Dr. Proctor, which error was responsible, in large part, for any perceived inconsistency; and the ALJ improperly determined that Dr. Proctor's opinion was inconsistent with the record. As a result, the ALJ failed to provide sufficient grounds for not giving Dr. Proctor's opinion, as the treating physician, controlling weight. Accordingly, it is necessary to remand the matter for a further hearing. *See Seavey v. Barhart*, 276 F.3d 1, 12 (1st Cir. 2001) ("When an agency has not considered all relevant factors in taking action, or has provided insufficient explanation for its action, the reviewing court ordinarily should remand the case to the agency.").

## V. CONCLUSION

For the reasons stated, the Commissioner's motion to affirm is DENIED and Plaintiff's motion, in so far as it can be read to request a remand, is ALLOWED.
SO ORDERED.
DATED: November 6, 2013

       /s/   Kenneth P. Neiman
       KENNETH P. NEIMAN
       U.S. Magistrate Judge